IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVE A. STRANGE,

    Petitioner,

v.                                                 CASE NO. 4:12-cv-505-SPM-GRJ

KENNETH TUCKER,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Petitioner's Motion for Leave to Proceed in Forma Pauperis, Doc. 8. The petition was originally filed in the Middle District of Florida, and was subsequently transferred to the Northern District of Florida. (Docs. 5, 6.) The petition does not comply with the Local Rules of the Northern District of Florida, because both the petition and memorandum in support of the petition, Doc. 2, are in excess of the page limits. Local Rule 5.1(J) states that a petition filed under § 2254 must be no longer than 25 pages total, including attachments, unless prior leave of court has been granted and good cause shown. The original petition, including attachments, is 44 pages long, and the memorandum in support of the petition is 41 pages long. (Docs. 1, 2.) The Court has not granted Petitioner leave to file excess pages, and Petitioner has not shown good cause to extend the page limit. Petitioner will be required to file an amended petition that complies with the Local Rules before the Court undertakes further review of his claims.

Petitioner has also filed a motion for leave to proceed as a pauper, but his motion was not filed on the proper court form. The Clerk will be directed to send

Petitioner a copy of the court's form so that he may refile his motion. Consideration of the motion to proceed as a pauper will be deferred until the amended motion is received.

Accordingly, it is **ORDERED:**

1. The clerk shall send Petitioner a habeas corpus petition form and a form application to proceed *in forma pauperis*. This case number should be written on the forms.

2. Petitioner shall file an amended petition, which shall be typed or clearly written in English, and submitted on the court form **on or before November 23, 2012**. Petitioner shall submit two service copies of the amended petition. The petition and any supplemental memorandum shall be limited to 25 pages total, in accordance with the Local Rules.

3. Within the same time period, Petitioner shall either submit payment in the amount of $5.00, or file a complete application to proceed *in forma pauperis*.

4. **That failure to comply with this order as instructed, or to show cause as to why Petitioner is unable to comply, may result in the dismissal of this case for failure to prosecute and failure to comply with an order of this court.**[1]

**DONE AND ORDERED** this 23rd day of October 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period is tolled during the time in which a properly filed application for state post- conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).