UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVE A. STRANGE,
    Petitioner,

vs.                                     Case No.: 4:12cv505/MW/ZCB

SECRETARY DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Steve Strange, has filed a *pro se* motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). (Doc. 51). He has also filed a motion to supplement the record. (Doc. 52). For the reasons below, Petitioner's Rule 60(b)(6) motion should be denied and this matter dismissed for lack of jurisdiction.

### I.    Background

Petitioner was convicted after a state jury trial in 2007 of attempting to elude a law enforcement officer, driving under the influence, and driving while license canceled, suspended, or revoked. (Doc. 51); *Strange v. Sec'y, Dep't of Corr.*, No. 4:12cv505, 2015 WL 3999444, at *1 (N.D. Fla. June 30, 2015). He was sentenced to thirty-five

1

years in prison. *Strange*, 2015 WL 3999444, at *1. The state appellate court affirmed the judgment and sentence. *Id.* Petitioner unsuccessfully sought postconviction relief in the state courts. *Id.* at *1-2.

In 2012, Petitioner turned his postconviction efforts to federal court by filing a habeas corpus petition, and then an amended petition, under 28 U.S.C. § 2254. *Id.* at *2. The amended petition raised nine grounds for relief. *Id.* at *4-13. As relevant here, Ground Five raised a claim of ineffective assistance of counsel based on his trial attorney advising Petitioner to reject a favorable plea offer. *Id.* at *7-8. The district court rejected that claim on the merits. *Id.* at *1, 7-8. Petitioner appealed. The Eleventh Circuit denied a certificate of appealability on all of Petitioner's habeas claims, including Ground Five. *Strange*, No. 15-13255 (11th Cir. Dec. 2, 2015).

Now, eleven years later, Petitioner has filed the instant motion to reopen under Fed. R. Civ. P. 60(b)(6). (Doc. 51). The motion seeks to relitigate the district court's previous rejection of Ground Five of Petitioner's § 2254 petition. (*Id.* at 5-10). The motion also raises a new substantive ground for habeas relief, "Ground Ten." (*Id.* at 11-16). In the new claim, Petitioner argues that his sentence enhancement under

2

Florida's Habitual Felony Offender statue was unconstitutional in light of the Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024). (*Id.*).

## II. Discussion

Rule 60(b) allows a party to seek relief or reopen a civil case under these circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with due diligence could not have been discovered in time for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

A Rule 60(b) motion cannot be used to circumvent the prohibition on filing unauthorized successive federal habeas corpus petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). The Supreme Court has held that Rule 60(b) motions are to be considered impermissible successive habeas petitions if the prisoner either (1) raises a new substantive ground for relief or (2) attacks the habeas court's previous resolution of a claim on the merits. *Gonzalez*, 545 U.S. at 531-32; *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007).

A district court may not consider a successive habeas petition under § 2254 unless the petitioner has obtained authorization from the appropriate appellate court. 28 U.S.C. § 2244(3)(A); Rule 9, Rules Governing Section 2254 Cases in the United 2 States District Courts (2015). Absent such appellate court authorization, a district court lacks jurisdiction over a successive § 2254 petition. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that the district court lacked jurisdiction to entertain a second habeas petition because the prisoner failed to obtain appellate court authorization); *see also Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, Petitioner's Rule 60(b) motion attacks the Court's previous merits resolution of Ground Five of his amended section 2254 petition. It also raises a new ground for substantive habeas relief, "Ground Ten." Because Petitioner's Rule 60(b)(6) motion raises a new ground for substantive relief and attacks the previous merits-based resolution of a claim, it qualifies as a successive habeas petition. And because it is a successive habeas petition, the Court cannot entertain Petitioner's arguments unless he first received permission from the appropriate appellate court—i.e., the U.S Court of Appeals for the Eleventh Circuit.

4

Petitioner has not received such permission. Accordingly, Petitioner's Rule 60(b)(6) motion should be denied and this matter dismissed for lack of jurisdiction. *See Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1182 (11th Cir. 2019) (stating that a district court is "required to dismiss" for "lack of jurisdiction" a second or successive § 2254 petition that is filed without the appellate court's permission).

### III.  Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. Petitioner's "Motion to Reopen…Pursuant to Rule 60(b)(6) Under This Court's Jurisdiction" (Doc. 51) be **DENIED** and this matter **DISMISSED for lack of jurisdiction** because the motion is a successive § 2254 habeas petition that was filed without the Eleventh Circuit's permission.[1]

2. Petitioner's motion to supplement the record (Doc. 52) be **DENIED as moot**.

---

[1] A certificate of appealability is not required to appeal an order dismissing for lack of jurisdiction a second or successive § 2254 petition. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020).

At Pensacola, Florida, this 12th day of February 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.